# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ELYSE J. REID, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:16-cv-02782 |
| | ) CHIEF JUDGE CRENSHAW |
| ROOMS TO GO TENNESSEE CORP., | ) ) |
| Defendant. | ) |

## ORDER

Before the Court is a Report and Recommendation of the Magistrate Judge ("R&R") (Doc. No. 24) recommending that the Court grant Defendant's Motion to Dismiss (Doc. No. 11). Plaintiff has filed timely objections to the R&R. (Doc. No. 27.) The Court has reviewed the R&R and the parties' briefs and has conducted a de novo review of the record. For the following reasons, the R&R is **ADOPTED**.

Plaintiff raises two objections:

1. Res judicata does not apply because she was not afforded a full and fair opportunity to raise her claims in state court; and

2. The Rooker-Feldman doctrine does not apply because she does not seek to overturn any ruling in the state court proceedings.

(Doc. No. 27 at 1.)

Plaintiff's briefing on her objections confirms that she is attempting to re-litigate matters that were covered in the relevant state court proceedings. As the R&R correctly explains, the disposition of the state proceedings renders her claims here subject to res judicata, and any attempt to disturb the outcome of those state court proceedings would violate the Rooker-Feldman doctrine. Plaintiff's first objection reiterates her complaints about the fairness of the state court proceedings but identifies no reason to depart from the well-settled precedents that establish the

outcome of those proceedings as binding. Plaintiff's second objection presents a catch-22: if indeed Plaintiff does not seek to have the state court rulings overturned, then she is bound by those rulings and precluded from seeking to bypass them here. Defendant's Motion to Dismiss (Doc. No. 11) is **GRANTED**.

Plaintiff has also filed a Motion to Halt/Stay Defendant's Motion to Dismiss & Motion to Compel Material Facts from Defendant (Doc. No. 30). This Motion identifies no reason that would justify the Court postponing its disposition of the Motion to Dismiss. Because the case is being dismissed, Plaintiff's request to compel production of information by Defendant is moot. This Motion (Doc. No. 30) is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR
CHIEF UNITED STATES DISTRICT JUDGE